**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH USUNUBU ALUYA; DEMOND HAMMOND; BRUCE DWIGHT SUTTON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MANAGEMENT & TRAINING CORPORATION, <br><br> Defendant-Appellee. | No. 15-16581 <br><br> D.C. Nos. <br> 1:13-cv-01345-AWI-JLT <br> 1:13-cv-01209-AWI-JLT <br> 1:13-cv-01344-AWI-JLT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted December 14, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,[**] District Judge.

While Joseph Aluya, Demond Hammond, and Bruce Sutton (the "inmates")

were incarcerated at Taft Correctional Institute ("TCI"), a federal prison operated by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Management and Training Corporation ("MTC"), they contracted Valley Fever. In this action, the inmates raise negligence and premises liability claims against MTC. The district court granted summary judgment to MTC. We vacate and remand.

1. The district court held that the inmates' failure to proffer evidence that the rate of infection was higher at TCI than in the surrounding community when they contracted Valley Fever established that TCI could not have breached any duty to the inmates. But, as the operator of a prison, MTC had the duty to undertake reasonable measures to reduce the known risk of Valley Fever that arose from incarceration in an area where the disease was endemic. *See Edison v. United States*, 822 F.3d 510, 521–22 (9th Cir. 2016) (finding a similar duty for the Bureau of Prisons). Because MTC did not owe a similar duty to the surrounding community, the similarity of infection rates does not bar the inmates' claims.

The inmates presented extensive evidence about measures that MTC could have undertaken to reduce their risk of contracting Valley Fever. This evidence raised a material question of fact as to whether MTC unreasonably failed to undertake actions to reduce the inmates' risk of infection, and the issue of breach of MTC's duty of reasonable care is therefore properly reserved for the jury. *See Ramirez v. Plough, Inc.*, 863 P.2d 167, 171 (Cal. 1993).[1]

---

[1] MTC's failure to build structures cannot be the subject of a negligence claim. *See Edison*, 822 F.3d at 522 ("The plain language of the contract indicates that the BOP retained control over construction at Taft, which presumably would include the

2

2.  A possessor of land has a duty to warn of a known concealed condition that, in the absence of precautions, presents an unreasonable risk of harm to those who encounter it.  *Rowland v. Christian*, 443 P.2d 561, 568 (Cal. 1968), *superseded in part by statute*, Cal. Civ. Code § 847.  Valley Fever is a "classic example of a hidden danger" triggering the duty to warn.  *Edison*, 822 F.3d at 520.  Although MTC provided inmates with warnings about Valley Fever and posted signs at TCI about the disease, the inmates submitted expert evidence that these warnings were inadequate.  The district court did not address the adequacy of the warnings in light of its conclusion that the inmates' failure to present evidence that TCI experienced higher infections rates than the surrounding community precluded liability.  On remand, the court should consider in the first instance whether there is a genuine issue of material fact as to whether MTC breached its duty to warn as a possessor of land.

Costs on appeal are awarded to Appellants.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

construction of covered walkways, or the construction of other preventative structures on the land.  In retaining this power, the BOP also retained the *duty* to construct such structures, should it become necessary to do so.").